William R. Bennett, III, Esq.
BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020
Tel: (212) 885-5000
wbennett@blankrome.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEADFAST INSURANCE COMPANY a/s/o CHRISTIE'S INC., <br><br>  Plaintiff, <br><br> -against- <br><br> T.F. NUGENT INC., TODD NUGENT, LEONARD A. NUGENT, JR., ASHLEY NUGENT, KYLE NUGENT, and TJ NUGENT, <br><br>  Defendants. | Civil Action No. 1:20-cv-03959 <br><br> **CONSENT JUDGMENT** |

  **WHEREAS**, on May 21, 2020, Steadfast Insurance Company ("Steadfast"), as subrogee of Christies, Inc. ("Christies"), commenced this action against T.F. Nugent Inc. ("T.F. Nugent") and the Estate of Leonard Nugent, Todd Nugent, Leonard A. Nugent, Jr., Ashely Nugent, Kyle Nugent and TJ Nugent ("the Nugent Family") (T.F. Nugent and the Nugent Family are sometimes hereinafter collectively referred to as the "Nugent Defendants") seeking to recover damages in an amount not less than $18,750,000.00 arising out of damage to the artwork known as *Le Marin* by Pablo Picasso (the "Lawsuit").

  **WHEREAS**, in the Lawsuit, Steadfast alleges that on or about March 9, 2018, Christies entered into a Seller's Agreement with Sierra Fine Art LLC ("Sierra"), the owner of a painting known as *Le Marin* by Pablo Picasso, pursuant to which Sierra consigned the *Le Marin* to Christies in anticipation of Christies' selling the painting at an auction scheduled for May 15, 2018 (the

"Auction").

**WHEREAS**, in advance of the Auction, Christies entered into an oral contract with T.F. Nugent to paint certain of its galleries in New York.

**WHEREAS**, on May 11, 2018, the *Le Marin* was placed in a gallery at Christies where it was to be displayed for public viewing in advance of the Auction.

**WHEREAS**, prior to securing the painting to the gallery wall, the *Le Marin* was placed on foam pads on the floor and against a wall across the room from where it was going to be secured later that same day.

**WHEREAS**, Steadfast alleges that on May 11, 2018, at approximately 10:20 a.m., the *Le Marin* suffered severe damage to its lower left quadrant as a result of the negligent and careless acts of a T.F. Nugent's employee.

**WHEREAS**, the *Le Marin* was subsequently restored at a cost of $487,625.00, which Christies paid.

**WHEREAS**, Steadfast alleges that following the restoration process, the loss in value of the *Le Marin* as a result of the negligent and careless acts of the T.F. Nugent's employee was determined to be no less than $20,000,000.00.

**WHEREAS**, Christies, pursuant to the terms and conditions of the Seller's Agreement, negotiated a settlement with Sierra for $18,250,000.00.

**WHEREAS**, Christies paid Sierra the $18,250,000.00 settlement and also incurred attorney's fees and costs of no less than $100,000.00 to resolve the matter with Sierra.

**WHEREAS**, Christies paid no less than $18,737,625.00 to resolve the dispute with Sierra.

**WHEREAS**, Steadfast insured Christies pursuant to a certain policy of liability insurance (the "Insurance Policy").

**WHEREAS**, pursuant to the terms and conditions of the Insurance Policy, on or about

December 21, 2018, Steadfast reimbursed Christies for the payments Christies made to Sierra and the painting's restorer.

**WHEREAS**, Steadfast is subrogated to the rights and interests of Christies against responsible parties, including the Nugent Defendants.

**WHEREAS**, the parties have agreed to resolve the claims in this Lawsuit without the need for further litigation.

**WHEREAS**, the defendant T.F. Nugent, by its attorney, has consented to (1) entry of this Consent Judgment without trial or adjudication of any issue of fact or law and to (2) waive any appeal if the Consent Judgment is entered as submitted by the parties.

**WHEREAS**, the defendant T.F. Nugent, by entering into this Consent Judgment, do not admit any liability with respect to the allegations asserted against them in the Lawsuit.

**NOW THEREFORE**, upon consent of the defendant T.F. Nugent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that it is therefore **ORDERED, ADJUDGED, AND DECREED**:

1. That judgment is hereby entered in favor of plaintiff Steadfast and against the defendant T.F. Nugent in the amount of $10,400,000.00 (ten million four hundred thousand dollars and no cents).

2. The claims against NewGen Painting, Inc are dismissed with prejudice.

3. That this Court retains jurisdiction over this Consent Judgment and the parties hereto for the purpose of enforcing the Consent Judgment and for the purpose of granting such additional relief as may be necessary and appropriate, and over the Lawsuit until such time that the defendant T.F. Nugent's obligations to plaintiff Steadfast have been satisfied and the parties submit to this Court a stipulation of discontinuance with prejudice.

4. That the parties agree not to challenge the entry of judgment and waive all rights of appeal.

5. That this Consent Judgment may be executed in counterparts, each of which will be deemed an original, but all of which together shall constitute one and the same instrument. A facsimile or .pdf signature shall be deemed to be, and shall have the same force and effect as, an original signature.

6. That each party to this litigation will bear its own costs and attorney's fees associated with this litigation.

Dated: New York, New York
April 12, 2022

**BLANK ROME LLP**

By: _____
William R. Bennett, III, Esq.
1271 Avenue of the Americas
New York, New York 10020
Tel: (212) 885-5000
*Attorneys for Plaintiff*

Dated: New York, New York
April 12, 2022

**BRAFF, HARRIS & SUKONECK**

By: _____
Brian Craig Harris, Esq.
570 West Mount Pleasant Avenue
Livingston, New Jersey 07039
Tel: (973) 994-6677
*Attorneys for* Defendant T.F. Nugent

"So Ordered"   May 3, 2022

_____
J. PAUL OETKEN
United States District Judge

C:\Users\wbennett\AppData\Local\Temp\Scrub\v4ujrgmo\1irlb15w.DOCX